Tally M. Wiener
**LAW OFFICES OF TALLY M. WIENER, ESQ.**
119 West 72nd Street, PMB 350
New York, NY 10023
(212) 574-7975 (International)
(855) COMILAW (US/Canada, Toll-Free)
(212) 496-4170, Attn: PMB 350 (Facsimile)
tally.wiener@thecomi.com

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
IN RE: : Chapter 11
:
ARCAPITA BANK B.S.C.(c), *et al.*, : Case No. 12-11076 (SHL)
:
    Debtors. : Jointly Administered
---------------------------------------------------------------x

**RESPONSE OF CAPTAIN HANI ALSOHAIBI
TO THE DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS
(INVESTMENT ACCOUNT CLAIMS; FINANCIAL INSTITUTION CLAIMS)
[DOCKET NO. 1050]**

    Comes now before the Honorable United States Bankruptcy Court for the Southern District of New York Captain Hani Alsohaibi (the "*Claimant*"), by and through his undersigned counsel, the Law Offices of Tally M. Wiener, Esq., and respectfully submits this Response in opposition to the relief requested by First Islamic Investment Bank B.S.C.(c) n/k/a Arcapita Bank B.S.C.(c) ("*First Islamic*" or "*Arcapita*") and certain of its fellow debtors (together with First Islamic/Arcapita, the "*Debtors*") in the *Debtors' Second Omnibus Objection to Claims (Investment Account Claims; Financial Institution Claims)* [Docket No. 1050] (the "*Objection*"). In support of the Response to the Objection, Captain Alsohaibi respectfully states as follows:

## PROCEDURAL BACKGROUND

1. On or about August 29, 2012, the Claimant, who is referred to in the Objection as Investor 50761, timely filed a proof of claim asserting a claim in the aggregate amount of $1,527,139.35 (the "*Proof of Claim*").

2. On April 26, 2013, the Debtors filed their Objection, seeking to reclassify, reduce, disallow and/or expunge certain claims. Therein, the Debtors seek allowance of the Proof of Claim as a general unsecured claim in the amount of $148.91, and dispute liability for amounts over and above, which they attempt to characterize as equity interests in non-Debtor entities. *See* Objection, Schedule 1 – Investment Account Claims [Docket No. 1050].

3. On July 15, 2013, the Debtors filed the Supplement to Debtors' Omnibus Objections, which concerns claims other than the Proof of Claim, the Debtors and the Claimant having agreed to adjourn the hearing with respect to the Proof of Claim.

4. The hearing on the Proof of Claim is currently scheduled to proceed on August 27, 2013, at 11 a.m., following the filing of a reply by the Debtors due on or before August 21, 2013. *See* Stipulation and Agreed Order Amending Briefing Dates in Scheduling Order Re Debtors' Objection to Proof of Claim of Hani Alsohaibi [Docket No. 1416]. Per the terms proposed by the Debtors, agreed to by the Claimant, and so ordered by the Court, the hearing is to proceed on the basis of the briefs of the parties and the argument of counsel at the hearing.[1]

---

[1] In keeping with the Debtors' protection of the privacy of their stakeholders throughout the chapter 11 proceedings, certain documents produced to the Claimant in response to discovery requests will be referred to herein, and not filed. The referenced documents have also been produced to the Official Committee of Unsecured Creditors, and will be made available at the hearing.

# ARGUMENT

## I. THE OBJECTION TO ALLOWANCE OF THE PROOF OF CLAIM SHOULD BE OVERRULED BECAUSE IT IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.

5. The Proof of Claim "constitutes prima facie evidence of the validity and amount of the claim." Federal Rule of Bankruptcy Procedure 3001(f). Section 501(a) of title 11 of the United States Code (the "*Bankruptcy Code*") provides that "[a] creditor . . . may file a proof of claim." 11 U.S.C. § 501(a). Section 502(a) of the Bankruptcy Code, in turn, provides that a filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

6. "The interposition of an objection does not deprive the proof of claim of presumptive validity unless the objection is supported by substantial evidence." *See In Re Hemingway Trans., Inc.*, 993 F.2d 915, 925 (1st Cir. 1993). "In order to shift any burden to the Claimant, the Debtors would have needed to provide evidence equal in force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *see also In re Adelphia Communications Corp.,* No. 02-41729, docket no. 13211, at *15 (Bankr. S.D.N.Y. Feb. 20, 2011) ("Because a properly filed proof of claim is deemed allowed until objected to, such allowance compels the objecting party to go forward and produce sufficient evidence to rebut claimant's prima facie case.") (quotations omitted).

7. The Debtors have not gone forward and produced sufficient sufficient evidence to rebut the validity of the Proof of Claim. Indeed the Objection includes no evidence. For this reason it should be overruled.

## II. THE OBJECTION TO ALLOWANCE OF THE PROOF OF CLAIM SHOULD BE OVERRULED BECAUSE THE OBJECTION DOES NOT COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 44.1.

8.  The Objection is based on American law, which does not govern the rights of Arcapita or the Claimant. This improperly frustrates their reasonable commercial expectations because, as discussed below, the pre-petition contracts between Arcapita and the Claimant include foreign choices of fora and laws.

9.  Federal Rule of Civil Procedure 44.1 contemplates the application of foreign law by courts of the United States, and provides:

> A party who intends to raise an issue about a foreign country's law must give notice by a pleading or other writing. In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination must be treated as a ruling on a question of law.

Federal Rule of Bankruptcy Procedure 9017 adopts this rule in bankruptcy cases: "The Federal Rules of Evidence and Rules 43, 44 and 44.1 F. R. Civ. P. apply in cases under the Code."

10. To the extent the Debtors are relying on American law in the Objection, they have not provided a basis. To the extent the Debtors intend to rely on the law governing the contractual relationships between Arcapita and the Claimant in connection with prosecution of the Objection, they have not provided notice in the Objection. The Debtors, represented by a sophisticated international law firm, are aware of Federal Rule of Civil Procedure 44.1 and its applicability in chapter 11 cases, having invoked it in response to an earlier filing made by the Claimant when he was acting *pro se*. *See* Debtors' Opposition to Motion of Captain Alsohaibi to Dismiss the Chapter 11 Cases, pages 3-4 [Docket No. 699]:

> In the Motion, Alsohaibi alleges, without evidence provided under Rule 44.1 of the Federal Rules of Civil Procedure ("***FRCP***") or

otherwise, that the rules and regulations of the Saudi Capital Market Authority provide that no banking, financial, or investment institution may operate without a license. …. Although some leeway may be granted to a party appearing pro se, certain basic elements cannot be excused. Here, the Motion includes no admissible evidence whatsoever. The limited evidence provided is inadmissible hearsay or has no relevance. No declaration as to the alleged facts were filed and the Motion does not present any competent 'evidence' of foreign law as provided in Rule 44.1 of the FRCP.

Accordingly, the Debtors should not be heard to say that the requirement of the rule should be waived or modified, and the Objection should be overruled.

### III. THE OBJECTION TO ALLOWANCE OF THE PROOF OF CLAIM SHOULD BE OVERRULED BECAUSE IT WAS BROUGHT IN CONTRAVENTION OF THE CHOICES OF FORA AND LAWS AGREED TO IN THE CONTRACTS BETWEEN ARCAPITA AND THE CLAIMANT.

11. On or about January 16, 2005, Claimant executed an Application and Agreement for the Opening of An Investment Account with First Islamic Investment Bank B.S.C.(c), which is now known as Arcapita Bank B.S.C.(c) (the "*Application and Agreement*"). The Governing Law provision of the Application and Agreement states:

> This Agreement shall be governed by and construed in accordance with the laws of the Kingdom of Bahrain to the extent such laws are not inconsistent with the laws of Islamic Shari'ah and each of the parties hereto irrevocably agrees for the benefit of First Islamic that the Courts of Bahrain shall have jurisdiction for the purpose of any proceeding arising out of or in connection with this Agreement and, for such purposes, irrevocably submits to the exclusive jurisdiction of such courts.

While not contracting out of Shari'ah law, which is impossible for an Islamic bank, First Islamic attempted to contract *into* the Cayman Islands as well via the terms it offered and the Claimant accepted in the Share Purchase Agreements concerning the Bahrain Bay and Riffa Golf projects.[2]

---

[2] *See generally* Julio C. Colón, *Choice of Law and Islamic Finance*, 46 Texas International Law Journal 411, 427 (2011), available at http://www.tilj.org/content/journal/46/num2/Colon411.pdf

The Share Purchase Agreements were entered into following execution of the Application and Agreement, and state:

> I/We understand and agree that the laws of the Cayman Islands shall govern this Share Purchase Agreement and the Investment; I/we understand and agree that any litigation or proceeding brought by me/us under or in relation to this Share Purchase Agreement and/or the Investment shall be brought exclusively in the courts of the Cayman Islands. I/We hereby waive any and all rights that I/we may have to transfer or change the venue of any such litigation or proceeding.

12. Proceeding in the U.S. would be inherently unfair to the Claimant. *See D.E. Frey Group, Inc. v. FAS Holdings, Inc. (In re D.E. Frey Group, Inc.)*, 387 B.R. 799, 807 (D. Colo. 2008) (in order to avoid a forum selection clause the debtor has the heavy burden of establishing that proceeding in the contractually agreed to forum would be inherently unfair to the debtor). There can be no question that defending a right to payment in a U.S. forum under American law came as an unfair surprise to the Claimant in light of the agreed choices of fora and laws, and also because the Debtors' chapter 11 filings reportedly being the first of their kind necessarily frustrated the reasonable commercial expectations of the Debtors' stakeholders. Regardless of how the earlier Bahrain forum selection clause is best harmonized with the later Cayman forum selection clauses for purposes of determining where and how Arcapita could attempt to contest liability for amounts owing to the Claimant, the Court should overrule the Objection because it was not brought in either forum. *See The Bremen et al. v. Zapata Offshore Co.,* 407 U.S. 1, 17-18 (1972) ("This case, however, involves a freely negotiated international commercial transaction. . . . Whatever 'inconvenience' Zapata would suffer by being forced to litigate in the

---

(observing that "according to the practice of parties involved in Islamic financial transactions, the terms of the contract themselves are inherently Shariah-based. Thus, reference to Islamic law does not stack two systems of law against each other, but states the intention of the parties in realizing the transaction and ensuring that their business relationship continues to be Shariah-compliant.").

6

contractual forum as it agreed to do was clearly foreseeable at the time of contracting. In such circumstances it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain.").[3]

IV. **THE OBJECTION TO ALLOWANCE OF THE PROOF OF CLAIM SHOULD BE OVERRULED WITH RESPECT TO THE CIRRUS INVESTMENT BECAUSE THE CONTRACTUAL RIGHTS OF THE CLAIMANT FLOWING FROM THE CIRRUS INVESTMENT, WHICH ACCOUNTS FOR THE BULK OF THE PROOF OF CLAIM, ARE UNKNOWN AT THIS TIME.**

13. The Claimant alerted the Court via a Motion to Dismiss docketed on September 24, 2012, that Arcapita had solicited him and others in Saudi Arabia without being licensed in Saudi Arabia. *See* Motion to Dismiss Case filed by Hani Alsohaibi [Docket No. 525]. In the

---

[3] *See also* Grant of Certification by the United States Supreme Court, 12-929 *Atlantic Marine Construction Co. v. USDC WD TX*:

DECISION BELOW: 701 F.3d 736
CERT. GRANTED 4/1/2013

QUESTION PRESENTED:

Following the Court's decision in *M / S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), the majority of federal circuit courts hold that a valid forum selection clause renders venue "improper" in a forum other than the one designated by contract. In those circuits, forum-selection clauses are routinely enforced through motions to dismiss or transfer venue under Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406. The Third, Fifth, and Sixth Circuits, however, follow a contrary rule. This Petition presents the following issues for review:

1. Did the Court's decision in *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988), change the standard for enforcement of clauses that designate an alternative federal forum, limiting review of such clauses to a discretionary, balancing-of-conveniences analysis under 28 U.S.C. § 1404(a)?

2. If so, how should district courts allocate the burdens of proof among parties seeking to enforce or to avoid a forum-selection clause?

Debtors' Opposition to Motion of Captain Alsohaibi to Dismiss the Chapter 11 Cases they admitted that the Claimant is a Saudi national who signed his investment contracts with Arcapita in Saudi Arabia:

> Alsohaibi is a resident and citizen of Saudi Arabia, and is apparently a former airline pilot who now operates an aviation consulting business with offices in the Middle East, South Africa, Europe and the United States. Prior to the Petition Date, Alsohaibi signed several investment contracts with Arcapita Bank in Jeddah, Saudi Arabia. The accounts attached to the Motion show that as of November 2008, Alsohaibi made investments in Cirrus Industries, Inc. ("*Cirrus*"), a company in the United States that manufactures composite single engine light aircraft, as well as Riffa Golf and Residential Development Company B.S.C.(c) and Bahrain Bay Development B.S.C.(c).

Docket No. 699, page 2. The Debtors conceded that any actions by Saudi regulators are neither stayed nor otherwise impacted by the chapter 11 cases and, by way of substantive opposition to the relief requested, stated: "The Debtors are not aware of any bankruptcy law that provides that the violation of a regulation in a foreign country alone requires the dismissal of a chapter 11 bankruptcy case." Docket No. 699, page 4.

14. The Debtors subsequently produced a Cirrus Share Purchase Agreement stating it was executed in Lebanon, where the Claimant did not, by the Debtors' own admission, sign contracts with Arcapita. As the parties' respective rights with respect to the Cirrus investment are unknown at this time, the Claimant respectfully requests that the Objection to the Proof of Claim be overruled with respect to the Cirrus investment, without prejudice to renewal of the Objection once the Cirrus Share Purchase Agreement(s) signed in Saudi Arabia are located and authenticated.

**WHEREFORE**, based upon the foregoing, the Claimant respectfully requests entry of an Order (i) overruling the Objection as it applies to his Proof of Claim, and (ii) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 7, 2013

                                  Respectfully submitted on behalf of
                                  Captain Hani Alsohaibi by:

                                /s/ Tally M. Wiener
                                Tally M. Wiener
                                **LAW OFFICES OF TALLY M. WIENER, ESQ.**
                                119 West 72nd Street, PMB 350
                                New York, NY 10023
                                (212) 574-7975 (International)
                                (855) COMILAW (US/Canada, Toll-Free)
                                (212) 496-4170, Attn: PMB 350 (Facsimile)
                                tally.wiener@thecomi.com