Dennis F. Dunne
Evan R. Fleck
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
28 Liberty Street
New York, NY 10005
Telephone: (212) 530-5000

Andrew M. Leblanc
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1850 K Street, NW, Suite 1100
Washington, DC 20006
Telephone: (202) 835-7574

*Counsel for the Reorganized Debtors and
the New Holding Companies*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| ARCAPITA BANK B.S.C.(C), et al., | : | Case No. 12-11076 (SHL) |
| Reorganized Debtors.[1] | : | Confirmed |

**REORGANIZED DEBTORS' FOURTH POST-CONFIRMATION STATUS REPORT**

The above-captioned reorganized debtors (the "Reorganized Debtors"), by and through their undersigned counsel, respectfully submit this fourth post-confirmation status report (the "Fourth Status Report").

**Background**

1.      The plan of reorganization (the "Plan") for the Reorganized Debtors' predecessors in interest (the "Debtors") was confirmed on June 17, 2013 and became effective on September 17, 2013.

---

[1] The Reorganized Debtors are: RA Bahrain B.S.C.(c), RA Investment Holdings Limited, RA LT Holdings Limited, WindTurbine Holdings Limited, AEID II Holdings Limited and RailInvest Holdings Limited.

2. In accordance with Local Rule 3021-1(b), the Reorganized Debtors have been filing post-confirmation reports. *See* Docket Nos. 2097, 2133 and 2145. Now the Reorganized Debtors submit this Fourth Status Report regarding the actions undertaken towards entry of a final decree in these cases from the Effective Date to July 31, 2016.

### Claims Reconciliation

3. The Reorganized Debtors have resolved all Disputed Claims[2] and Disputed Interests in these chapter 11 cases. Nevertheless, the Reorganized Debtors continue to reserve approximately $7 million in cash and plan securities that have not yet been distributed.

### Recovery and Management of Assets

4. On the Effective Date, Arcapita Bank and AIHL transferred substantially all of their assets to various wholly-owned subsidiaries of a newly formed entity, RA Holding Corp. (collectively, along with their affiliates, the "RA Group"). The RA Group oversees the maintenance and disposition of interests in portfolio investments formerly held by the Debtors, and the proceeds of such dispositions inure to the benefit of the holders of securities issued under the Plan to the holders of Allowed Claims and Interests.

5. As of July 31, 2016, the RA Group has monetized part or all of its interests in certain of its portfolio investments, resulting in approximately $1.5 billion of aggregate proceeds. The RA Group continues to monetize its interests in portfolio investments, and anticipates continuing cash distributions in the future.

6. Since the Effective Date, the Reorganized Debtors instituted 59 avoidance actions, which have, to-date, yielded $185,206.12 to the Debtors' estates, net of fees and expenses. Nine (9) of these avoidance actions remain pending. Two of the pending avoidance

---

[2] Capitalized terms not defined herein have the meanings ascribed to them in the Plan.

2

actions were recently remanded back to the Bankruptcy Court by the United States District Court for the Southern District of New York for further proceedings.

### Forfeiture

7.      Pursuant to the Plan, holders of Allowed Claims in classes 4(a), 4(b), 5(a), 5(b), 5(g), 6(a), and 8(a) were required to comply with the New Unsecured Claim Distribution Procedures to be eligible to receive their distributions.  Among other things, holders of Allowed Claims in these classes were required to submit a release of claims, applicable tax identification information, and any other item reasonably requested by the Reorganized Debtors.  The Reorganized Debtors prepared and disseminated forms requesting the necessary information (the "Verification Materials") to holders of Allowed Claims within a week following the Effective Date.

8.      As described in greater detail in the *Motion for Order in Aid of Implementation of the Plan* [Docket No. 2053], the Reorganized Debtors requested clarification from the Court regarding certain terms of the Plan, particularly the concept of the Forfeiture Date in the circumstance that a holder of an Allowed Claim has failed to return the Verification Materials.  In the *Order in Aid of Implementation of the Plan* [Docket No. 2073], the Court clarified appropriate standards for determining the occurrence of the Forfeiture Date.

9.      Based on the Court's clarification, as of July 31, 2016, pursuant to section 8.8 of the Plan, holders of Allowed Claims in Classes 4(a), 4(b), 5(a), and 5(b) have forfeited distribution rights with respect to approximately $11.8 million in face amount of Sukuk Obligations, 338,335, New Arcapita Class A Shares, 844,933 New Arcapita Ordinary Shares, and 145,119 New Arcapita Creditor Warrants.

**Distributions**

10.     Since the Effective Date, the Reorganized Debtors have distributed funds sufficient to fully satisfy all Allowed Claims in Classes 1(a)-1(g), 2(a)-2(f), 3(a)-3(g), and 5(g).[3] The Reorganized Debtors have distributed approximately (i) $545 million in face amount of Sukuk Obligations (which have since been redeemed by cash distributions totaling $650.8 million), 10.0 million New Arcapita Class A Shares, 8.8 million New Arcapita Ordinary Shares, and 9.5 million New Arcapita Creditor Warrants on account of Allowed Claims in Classes 4(a), 4(b), 5(a), 5(b), and 8(a), and (ii) $3.8 million in cash in satisfaction of Allowed Claims in Class 6(a).

11.     The Reorganized Debtors are currently considering whether to request an extension of time with respect to the next scheduled true-up distribution in light of the *de minimis* value of such distribution, particularly as compared to the administrative costs associated with making any distribution.

**Administrative Matters**

12.     The Reorganized Debtors continue to perform certain administrative tasks associated with the wind down of these cases, such as providing periodic oral updates to the Court, and paying fees to the Office of the United States Trustee.

13.     Since the Effective Date, the Reorganized Debtors have paid a total of $288,000 to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6).

---

[3] Classes 5(c)-5(f) did not contain any Allowed Claims, and distributions on account of Allowed Claims in Classes 7(a)-7(g) have been waived.

4

## Notice

14.     Notice of this report has been provided to the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014 (Attn:  Richard Morrissey, Esq.).

Dated:   New York, New York                Respectfully submitted,
         August 1, 2016

                                           */s/      Evan R. Fleck*
                                           MILBANK, TWEED, HADLEY & McCLOY LLP
                                           Dennis F. Dunne
                                           Evan R. Fleck
                                           28 Liberty Street
                                           New York, New York 10005
                                           Telephone:  (212) 530-5000

                                           *Counsel for the Reorganized Debtors and
                                           the New Holding Companies*